# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 11-750V
Filed: May 6, 2013
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MELANIE ROUSH, | * | |
| As the Parent and Natural Guardian of | * | |
| SAVANNA SIMMONS, An Infant, | * | |
| | * | Attorneys' Fees & Costs Decision |
| | * | Based on Respondent's Status Report |
| Petitioner, | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Melanie Roush, New Holland, OH, pro se.
Jennifer L. Reynaud, Washington, DC, for respondent.

**MILLMAN, Special Master**


## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 30, 2013, respondent filed a status report in the above-captioned case. Respondent reports that the parties agreed on an appropriate amount for attorneys' fees and costs.

In accordance with the General Order #9 requirement, petitioner's former counsel asserts that petitioner did not incur any costs in pursuit of her petition.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

The undersigned issued a decision dismissing petitioner's petition on March 29, 2013. Petitioner's former counsel, at the undersigned's leave, filed an application for interim attorneys' fees and costs on April 8, 2013. Petitioner's former counsel requested $13,336.33 for attorneys' fees and costs. The clerk of the court entered judgment pursuant to Vaccine Rule 11(a) on May 3, 2013. The undersigned construes the interim fee application as an application for final attorneys' fees and costs. During informal discussions regarding the fee application, respondent raised objections to certain items. Based on these objections, petitioner's former counsel now amends his request for attorneys' fees and costs and requests $12,250.00 in attorneys' fees and costs. Respondent does not object to the reduced amount. The undersigned finds this amount to be reasonable. Accordingly, the court awards **$12,250.00**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioner and Law Office of Sadaka Associates, LLC in the amount of **$12,250.00**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: _____          _____

                                                                Laura D. Millman
                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.